IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIE LEE COLLINS, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:09-CV-092-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

**A.   NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.   PARTIES**

Petitioner Willie Lee Collins, TDCJ #198536, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

**C.     PROCEDURAL HISTORY**

In 1968 Collins was convicted of murder with malice in Tarrant County, Texas, and received a life sentence.  He claims he was sentenced under House Bill 1167, the pre-65th Legislature.  He was released by the Texas Board of Pardons and Paroles (the BOP) on parole in March 1978.  He was subsequently arrested in Tarrant County on February 22, 1989, for delivery of a controlled substance.  In February 1990 he was convicted of the offense and received a thirty-five year sentence to run concurrently with his life sentence.  (Pet'r Memorandum Brief at 1)  The BOP has considered Collins for parole on numerous occasions at one-year intervals and from 2005 through 2007 at two-year intervals.  (Resp't Answer, Appendix A)  In this petition, Collins's complains of the BOP's March 17, 2007, denial of parole.[1]  (*Id.*)  On May 19, 2008, Collins filed a state application for writ of habeas corpus raising one or more of the claims presented, which was denied without written order by the Texas Court of Criminal Appeals on June 18, 2008.  *Ex parte Collins*, Application No. WR-70,034-01, at cover.  Collins filed this federal petition for habeas relief on February 3, 2009.[2]

**D.     ISSUES**

Generally, Collins claims that the BOP's new parole review law allowing set-offs for more than one year violates constitutional due process, the separation of powers, the prohibition against ex post facto laws, and the ban on cruel and unusual punishment, that he is entitled to restoration of good conduct time, and that the BOP's guidelines relevant to the decision to parole are arbitrary and capricious.  (Petition at 7-8; Pet'r Memorandum Brief 1-8)

---

[1]His next parole review date was set off to March 2009.  (Resp't Answer, Appendix A)

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition and any attachments are delivered to prison authorities for mailing).

**E.      STATUTE OF LIMITATIONS**

Quarterman believes Collins's petition is time-barred.  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date on which Collins could have discovered, through the exercise of due diligence, the factual predicate of his claims, if not sooner, no later than March 2, 2007, the date parole was denied, and expired one year later on March 2, 2008, absent any applicable tolling.  Collins's state habeas application, filed

3

on May 19, 2008, after the limitations period had already expired did not operate to toll the limitations period.[3] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Collins alleged in his reply or demonstrated sufficiently rare and exceptional circumstances that would justify application of the doctrine of equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Collins's petition be DISMISSED as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 22, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

---

[3] Collins erroneously calculates the one-year period from the date he purports to have filed his state habeas application.

4

United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 22, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 1, 2009.

       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE